**FILED**



*4:24 pm, 1/16/20*

**Margaret Botkins
Clerk of Court**

Clyde Hutchins, Bar No. 6-3549
Harmony Law, LLC
155 E. Boardwalk Drive, Suite 400
Fort Collins, CO 80525
Telephone: 970-488-1857
hutchins@harmony.law
Attorney for Defendant Virginic LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| Virgin Enterprises Limited, | ) |
| | ) Case No. 2:19-cv-220-NDF |
| Plaintiff, | ) |
| | ) DEFENDANT VIRGINIC LLC'S |
| v. | ) ANSWER TO PLAINTIFF'S FIRST |
| | ) AMENDED COMPLAINT |
| Virginic LLC, Virginic Labs LLC, | ) |
| Virginic PL Sp. z o.o., Paramount Labs | ) **[Jury Trial Demanded]** |
| 77 LLC, and Berenika Maciejewicz, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANT VIRGINIC LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIM AGAINST PLAINTIFF/COUNTER-DEFENDANT VIRGIN ENTERPRISES LIMITED

Defendant Virginic LLC ("Defendant") hereby answers the First Amended Complaint of Plaintiff Virgin Enterprises Limited ("Plaintiff") and files its Counterclaim as follows. Defendant denies each allegation of the First Amended Complaint not explicitly admitted below. The paragraphs below correspond to the same numbered paragraphs in the Complaint.

1

## NATURE OF THE ACTION

1.      The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph to the extent they are directed against Defendant. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations.

2.      The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph to the extent they are directed against Defendant. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations.

3.      This Paragraph's use of the term "organizer" to describe Defendant Berenika Maciejewicz ("Maciejewicz ") in her role as relates to Defendant Virginic LLC is unclear, vague, and ambiguous and on that basis, Defendant denies the allegation. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations. Defendant denies the remaining allegations in this Paragraph.

4.      The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph to the extent they are

directed against Defendant. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations.

5.      The allegation in this Paragraph that "[t]he infringement is willful in the United States, in part, because Virginic LLC already lost a similar challenge abroad" is prefatory, contains legal verbiage, and call for a conclusion of law to which no response is required. Should the allegation require a response, however, Defendant denies it to the extent it is directed against Defendant. Defendant admits the next portion of the Paragraph only to the extent it asserts that, upon Plaintiff's appeal of the UKIPO's dismissal of Plaintiff's opposition, the UK High Court issued a final and unappealable judgment against Defendant. However, Defendant denies that Plaintiff took any cognizable steps to collect the judgment or that Defendant refused to comply with it. As to the remainder of Paragraph 5, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations.

6.      The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph to the extent they are directed against Defendant. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations.

## THE PARTIES

7.      Defendant lacks sufficient information to admit or deny the allegations in this Paragraph and therefore denies them.

8.      The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph to the extent they are directed against Defendant. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations.

9.      Defendant admits that it is a Wyoming company with its registered place of business at 30 N. Gould St., Suite 6536, Sheridan, WY 82801. The allegations regarding Maciejewicz's relationship to Defendant are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph to the extent they are directed against Defendant. Moreover, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations. Defendant denies the remaining allegations in this Paragraph.

10.     The allegations regarding Maciejewicz's relationship to Defendant are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph to the extent they are directed against Defendant. Moreover, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations. Defendant denies the remaining allegations in this Paragraph.

11.    The allegations regarding Maciejewicz's relationship to Defendant are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph to the extent they are directed against Defendant. Moreover, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations. Defendant denies the remaining allegations in this Paragraph.

12.    The allegations regarding Maciejewicz's relationship to Defendant are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph to the extent they are directed against Defendant. Moreover, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations. Defendant denies the remaining allegations in this Paragraph.

## JURISDICTION AND VENUE

13.    The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph to the extent they are directed against Defendant. Moreover, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph

insofar as they relate to other parties, and on that basis denies those allegations. Defendant denies the remaining allegations in this Paragraph.

14.     The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph to the extent they are directed against Defendant. Moreover, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations. Defendant denies the remaining allegations in this Paragraph.

15.     Defendant admits that it corresponded with Plaintiff's legal counsel on July 1, 2019, during which it proposed paying off the UK judgment on a payment plan, but expressly denies the allegation that Defendant asserted that it was "unable to pay" the judgment because it "ha[d] no assets, no savings and no credit or borrowing abilities." Moreover, the allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph to the extent they are directed against Defendant. Additionally, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations. Defendant denies the remaining allegations in this Paragraph.

16.     The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph to the extent they are

directed against Defendant. Moreover, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations. Defendant denies the remaining allegations in this Paragraph.

17.     The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. Moreover, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations.

18.     The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph to the extent they are directed against Defendant. Moreover, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations.

19.     The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph to the extent they are directed against Defendant. Moreover, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations.

**VEL'S HISTORY AND ITS FAMOUS VIRGIN MARKS**

20.     Defendant denies the allegation that "the reputation of the Virgin Group is not limited to any particular area or activity." Defendant lacks sufficient information to admit or deny the other allegations in this Paragraph and therefore denies them. Defendant denies the allegations in this Paragraph to the extent they apply to Defendant.

21.     Defendant lacks sufficient information to admit or deny the allegations in this Paragraph and therefore denies them. Defendant also states that it is not required to respond any allegations about or contained on the website identified in this Paragraph, particularly as such content was not included with the First Amended Complaint, and denies the allegations on that basis. Defendant denies the allegations in this Paragraph to the extent they apply to Defendant.

22.     Upon information and belief, Defendant denies the allegation that Virgin Enterprises Limited ("VEL") used the VIRGIN Marks on or in association with the retail sale and distribution of cosmetics. Defendant lacks sufficient information to admit or deny the other allegations in this Paragraph and denies the allegations on that basis.

23.     The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph to the extent they are directed against Defendant.

24.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations. However, Defendant denies any implication that Virgin Atlantic Airways Ltd. ("VAA") has sold "skin care products and

cosmetics" using any mark that incorporates VIRGIN in interstate commerce. Defendant also states that it is not required to respond any allegations about or contained on the websites identified in this Paragraph, particularly as such content was not included with the First Amended Complaint, and denies the allegations on that basis.

25.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations. However, Defendant denies any implication that Virgin Hotels ("VH") has sold skin care products or cosmetics using any mark that incorporates VIRGIN in interstate commerce. Defendant also states that it is not required to respond to any allegations about or contained on the website identified in this Paragraph, particularly as such content was not included with the First Amended Complaint, and denies the allegations on that basis.

26.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations. Defendant also states that it is not required to respond to any allegations about or contained on the website identified in this Paragraph, particularly as such content was not included with the First Amended Complaint, and denies the allegations on that basis.

27.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations. Defendant also states that it is not required to respond to any allegations about or contained on the website identified in this

Paragraph, particularly as such content was not included with the First Amended Complaint, and denies the allegations on that basis.

28.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations. However, Defendant denies any implication that Virgin Australia International ("VAU") has sold cosmetics and other personal care products using any mark that incorporates VIRGIN in interstate commerce. Defendant also states that it is not required to respond to any allegations about or contained on the website identified in this Paragraph, particularly as such content was not included with the First Amended Complaint, and denies the allegations on that basis.

29.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations. Defendant also states that it is not required to respond to any allegations about or contained on the website identified in this Paragraph, particularly as such content was not included with the First Amended Complaint, and denies the allegations on that basis.

30.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

31.     The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required.

32.     Defendant admits that Plaintiff owns the registrations and applications identified in this Paragraph and that the corresponding goods and services are accurately quoted, except for Plaintiff's identification of U.S. Registration No. 4,325,986, which

misrepresents that the registration is still valid with respect to certain goods hat had been cancelled, as well as U.S. Registration No. 5,105,553 which misquotes half of the description of associated goods.

33.    Admit.

34.    This Paragraph states legal conclusions to which no response is required.

35.    Defendant asserts that it is not required to respond to any allegations about or contained on the website identified in this Paragraph, and denies the allegations on that basis. Moreover, the allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations.

36.    Admit.

37.    This Paragraph states legal conclusions to which no response is required.

38.    The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations.

39.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations. This remaining allegations in this Paragraph contain legal conclusions to which no response is required.

11

40.     The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required.

41.     This Paragraph states legal conclusions to which no response is required.

**DEFENDANTS AND THEIR [ALLEGEDLY] INFRINGING ACTIVITY**

42.     Defendant admits the allegation that "[o]n June 1 and June 30, 2017, respectively, Defendant Maciejewicz formed the companies Virginic LLC and Virginic Labs in Wyoming." Defendant denies (1) that  "[t]hese entities have the same address;" (2) any implication that the filing of three of nine documents (namely, a registered agent address change on two occasions and an annual report on another occasion) are indicative of (a) the nature of the relationship between Maciejewicz and each entity or (b) the nature or existence of a relationship between the two entities; and (3) that Maciejewicz signed any document attached to the First Amended Complaint as "manager" of Defendant. Defendant further states that it is not required to respond to the Exhibits. To the extent a response is required, Defendant respectfully refers to the documents referenced in the Exhibits for a complete and accurate statement of their contents and denies Plaintiff's averments to the extent they are inconsistent with the referenced documents. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and on that basis denies the allegations in this Paragraph.

43.     Defendant admits that one of Plaintiff's independent vendors, Virginic PL Sp. z o.o.—prior to being liquidated—was previously contracted for the production of goods. However, Defendant denies knowledge or information sufficient to form a belief

as to the truth or falsity of the allegations in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations.

44.    Defendant admits the allegations that:

> On May 20, 2019, after the UK High Court had entered judgment against Virginic LLC, Maciejewicz formed Paramount in Wyoming. In particular, as discussed in more detail below, the UK Judgment against Virginic LLC was entered on March 22, 2019, Virginic LLC's deadline to satisfy the monetary judgment and pay VEL was April 15, 2019 (Virginic also filed an application to vary the order on this date, which was rejected), and the UK High Court of Appeal rejected Virginic LLC' s appeal application on June 13, 2019.

Defendant further admits that Paramount, Virginic  LLC, and Virginic Labs use the same independent agency as their registered agent. Defendant further states that it is not required to respond to the Exhibits. To the extent a response is required, Defendant respectfully refers to the documents referenced in the Exhibits for a complete and accurate statement of their contents and denies Plaintiff's averments to the extent they are inconsistent with the referenced documents. This remaining allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required.

45.    Deny.

46.    Defendant states that it is not required to respond to the Exhibits. To the extent a response is required, Defendant respectfully refers to the documents referenced in the Exhibits for a complete and accurate statement of their contents and denies Plaintiff's averments to the extent they are inconsistent with the referenced documents. Similarly, Defendant states that it is not required to respond any allegations about or contained on the website identified in this Paragraph, particularly as such content was not

included with the First Amended Complaint, and denies the allegations on that basis. Further, Plaintiff's reference to "a piercing the corporate veil theory" calls for a conclusion of law to which no response is required. Defendant denies the remaining allegations in this Paragraph.

47.     Defendant states that it is not required to respond to the Exhibits. To the extent a response is required, Defendant respectfully refers to the documents referenced in the Exhibits for a complete and accurate statement of their contents and denies Plaintiff's averments to the extent they are inconsistent with the referenced documents. Defendant denies the remaining allegations in this Paragraph.

48.     Deny.

49.     This Paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

50.     This Paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

**UK OPPOSITION AND HIGH COURT JUDGMENT**

51.     Defendant states that it is not required to respond to the Exhibits. To the extent a response is required, Defendant respectfully refers to the documents referenced in the Exhibits for a complete and accurate statement of their contents and denies Plaintiff's averments to the extent they are inconsistent with the referenced documents. Defendant admits the remaining assertions in this Paragraph.

52.     Defendant admits that on or around May 5, 2018, Plaintiff sent a demand-filled letter to Defendant's UK counsel, but denies any implication that the May 5, 2018

letter conveyed that Defendant possessed "strong registered rights in the VIRGIN Marks" or that Plaintiff failed to provide a substantive response to Defendant's letter.

53.     Defendant admits that Plaintiff filed an opposition with the UKIPO on May 8, 2018, but denies the allegations to the extent that they omit key events such that the narrative misleadingly exaggerates Defendant's successes by omitting the facts that neither the Examining Attorney nor the UKIPO found a likelihood of confusion between the parties' marks when evaluating Defendant's Mark before Plaintiff even file an application to appeal to the UK High Court. The he allegations that follow in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. Further, Defendant states that it is not required to respond to the Exhibits. To the extent a response is required, Defendant respectfully refers to the documents referenced in the Exhibits for a complete and accurate statement of their contents and denies Plaintiff's averments to the extent they are inconsistent with the referenced documents. Finally, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations.

54.     The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. Further, Defendant states that it is not required to respond to the Exhibits. To the extent a response is required, Defendant respectfully refers to the documents referenced in the Exhibits for a complete and accurate statement of their contents and denies Plaintiff's averments to the extent they are inconsistent with the referenced documents. Finally, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations.

55.     The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. Further, Defendant states that it is not required to respond to the Exhibits. To the extent a response is required, Defendant respectfully refers to the documents referenced in the Exhibits for a complete and accurate statement of their contents and denies Plaintiff's averments to the extent they are inconsistent with the referenced documents. Finally, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph insofar as Plaintiff fails to specify which "documents" contained the representations identified in the Paragraph.

56.     The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. Additionally, Defendant states that it is not required to respond to the Exhibits. To the extent a response is required, Defendant respectfully refers to the documents referenced in the Exhibits for a complete and accurate statement of their contents and denies Plaintiff's averments to the extent they are inconsistent with the referenced documents. Nonetheless, Plaintiff denies the assertion that "Virginie LLC's failure to pay the £10,000 by the July 11, 2019 deadline entitles VEL to claim interest on those costs at a rate of 8% per year, accruing daily," as Plaintiff—rather than Defendant—withdrew from and refused to participate in negotiation efforts led by Defendant.

57.    Defendant admits the allegations in this Paragraph, but denies them to any extent that Plaintiff's allegations imply that Defendant ceased offering to negotiate with Plaintiff on amicable terms.

58.    Defendant admits that one of Plaintiff's independent vendor, Virginic PL Sp. z o.o.—prior to being liquidated—was previously contracted for the production of  goods, but  denies the allegation that Plaintiff "did not deny a connection between it and the other Virginic Defendants or Maciejewicz" to the extent that such allegation implies that Plaintiff admitted such connection; rather, the question was never raised so Plaintiff had no reason to admit or deny an allegation with which it was never presented.

59.    Deny.

60.    Admit that the judgment has not yet been paid. The balance of the paragraph states a legal conclusion to which no response is required. To the extent a response is required to the balance of the paragraph, Defendant denies the same.

**US OPPOSITION**

61.    Admit.

62.    Defendant denies any implication that the July 20, 2018 letter from VEL's counsel outlined "VEL's strong registered rights in the VIRGIN Marks," particularly any such rights that would be relevant to the facts in the instant case. Defendant admits the remaining allegations in this Paragraph.

63.    Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph insofar as they relate to VEL's reasons for filing the Notice of Opposition against the VIRGINIC Application. Defendant admits the remaining allegations in this Paragraph.

17

**THE HARM AND DAMAGES CAUSED BY DEFENDANTS' ACTIONS**

64.     This Paragraph states legal conclusions to which no response is required.

To the extent a response is required, Defendant denies the allegations in this Paragraph.

65.     This Paragraph states legal conclusions to which no response is required.

To the extent a response is required, Defendant denies the allegations in this Paragraph.

66.     This Paragraph states legal conclusions to which no response is required.

To the extent a response is required, Defendant denies the allegations in this Paragraph.

67.     This Paragraph states legal conclusions to which no response is required.

To the extent a response is required, Defendant denies the allegations in this Paragraph.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT**
**15 U.S.C. §1114(1)**

68.     Plaintiff incorporates its responses to each and every allegation contained

above with the same force and effect as if fully set forth herein.

69.     This Paragraph states legal conclusions to which no response is required.

To the extent a response is required, Defendant denies the allegations in this Paragraph.

70.     This Paragraph states legal conclusions to which no response is required.

To the extent a response is required, Defendant denies the allegations in this Paragraph.

71.     Deny.

72.     This Paragraph states legal conclusions to which no response is required.

To the extent a response is required, Defendant denies the allegations in this Paragraph.

## COUNT II
## FEDERAL UNFAIR COMPETITION
## 15 U.S.C. §1152(a)

73.     Plaintiff incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

74.     This Paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

75.     This Paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

76.     This Paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

## COUNT III
## FEDERAL TRADEMARK DILUTION
## 15 U.S.C. §1125(c)

77.     Plaintiff incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

78.     This Paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

79.     This Paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

80.     This Paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

**COUNT IV**
**FAILURE TO FUNCTION AS A TRADEMARK**
**15 U.S.C. 1052, 15 U.S.C. 1054 & 15 U.S.C. 1127**

81.     Plaintiff incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

82.     This Paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

83.     Admit.

84.     Deny.

85.     This Paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

86.     Defendant admits that, according to the First Amended Complaint, "VEL seeks an order requiring Virginic LLC to abandon the U.S. Application, and enjoining each of the Defendants from refiling any new U.S. or state trademark application(s) for VIRGINIC." The remainder of this Paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

**COUNT V**
**WYOMING TRADEMARK DILUTION**
**WY Stat. §40-1-115 (2017)**

87.     Plaintiff incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

88.     This Paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph. Defendant also denies knowledge or information sufficient to form a belief as to the truth

or falsity of the remaining allegations in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations.

89.     The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

90.     The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

91.     The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

**COUNT VI**
**TRADEMARK INFRINGEMENT UNDER WYOMING COMMON LAW**

92.     Plaintiff incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

93.     The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

94.     The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

**COUNT VII**
**UNFAIR COMPETITION UNDER WYOMING COMMON LAW**

95.     Plaintiff incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

96.     The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

97.     The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

**COUNT VIII**
**DOMESTICATION/RECOGNITION OF UK JUDGMENT UNDER WYOMING COMMON LAW**
**(*Asserted Against Virginic LLC and Ms. Maciejewicz*)**

98.     Plaintiff incorporates its responses to each and every allegation contained above with the same force and effect as if fully set forth herein.

99.     Defendant states that it is not required to respond to the Exhibits. To the extent a response is required, Defendant respectfully refers to the documents referenced in the Exhibits for a complete and accurate statement of their contents and denies Plaintiff's averments to the extent they are inconsistent with the referenced documents.

100.    The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

101.    The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

102.    Admit.

103.    The allegations in this Paragraph are prefatory, contain legal verbiage, and call for a conclusion of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph.

## PRAYER FOR RELIEF

1.    This Paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph as to Defendant and denies that Plaintiff is entitled to the relief requested in this Paragraph as to Defendant. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and the requested relief in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations and requested relief.

2.    This Paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph as to Defendant and denies that Plaintiff is entitled to the relief requested in this Paragraph as to Defendant. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and the requested relief in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations and requested relief.

3.      This Paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph as to Defendant and denies that Plaintiff is entitled to the relief requested in this Paragraph as to Defendant. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and the requested relief in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations and requested relief.

4.      This Paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph as to Defendant and denies that Plaintiff is entitled to the relief requested in this Paragraph as to Defendant. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and the requested relief in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations and requested relief.

5.      This Paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph as to Defendant and denies that Plaintiff is entitled to the relief requested in this Paragraph as to Defendant. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and the requested relief in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations and requested relief.

6.      This Paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph

as to Defendant and denies that Plaintiff is entitled to the relief requested in this Paragraph as to Defendant. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and the requested relief in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations and requested relief.

7.      This Paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph as to Defendant and denies that Plaintiff is entitled to the relief requested in this Paragraph as to Defendant. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and the requested relief in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations and requested relief.

8.      This Paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph as to Defendant and denies that Plaintiff is entitled to the relief requested in this Paragraph as to Defendant. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and the requested relief in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations and requested relief.

9.      This Paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph as to Defendant and denies that Plaintiff is entitled to the relief requested in this Paragraph as to Defendant. Defendant denies knowledge or information sufficient to form a belief as

to the truth or falsity of the allegations in this Paragraph and the requested relief in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations and requested relief.

10.     This Paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph as to Defendant and denies that Plaintiff is entitled to the relief requested in this Paragraph as to Defendant. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and the requested relief in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations and requested relief.

11.     This Paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph as to Defendant and denies that Plaintiff is entitled to the relief requested in this Paragraph as to Defendant. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and the requested relief in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations and requested relief.

12.     This Paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph as to Defendant and denies that Plaintiff is entitled to the relief requested in this Paragraph as to Defendant. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and the requested relief in this

Paragraph insofar as they relate to other parties, and on that basis denies those allegations and requested relief.

13.     This Paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph as to Defendant and denies that Plaintiff is entitled to the relief requested in this Paragraph as to Defendant. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and the requested relief in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations and requested relief.

14.     This Paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph as to Defendant and denies that Plaintiff is entitled to the relief requested in this Paragraph as to Defendant. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and the requested relief in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations and requested relief.

15.     This Paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph as to Defendant and denies that Plaintiff is entitled to the relief requested in this Paragraph as to Defendant. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and the requested relief in this Paragraph insofar as they relate to other parties, and on that basis denies those allegations and requested relief.

## DEFENDANT'S AFFIRMATIVE DEFENSES

16.     Without admitting any allegations in the First Amended Complaint, Defendant asserts the following affirmative defenses and reserve the right to add additional affirmative defenses as discovery proceeds. Each affirmative defense is asserted as to all causes of action unless otherwise noted. By asserting these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where the burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's allegations.

### FIRST AFFIRMATIVE DEFENSE

1.     Plaintiff's claims against Defendant are barred, in whole or in part, based on Plaintiff's failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.     Plaintiff's claims against Defendant are barred, in whole or in part, based on the doctrines of fair use, nominative fair use, and/or descriptive use.

### THIRD AFFIRMATIVE DEFENSE

3.     Plaintiff's claims against Defendant are barred, in whole or in part, because any infringement by Defendant, which is specifically denied, was innocent.

### FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiff's claims against Defendant are barred, in whole or in part, by the doctrines of trademark misuse and unclean hands, including Plaintiff's use of its purported trademarks as instruments of, or in aid of, violations of the antitrust laws.

**FIFTH AFFIRMATIVE DEFENSE**

5.      Plaintiff's claims against Defendant are barred, in whole or in part, based on Plaintiff's and/or its predecessor's failure to enforce its marks.

**SIXTH AFFIRMATIVE DEFENSE**

6.      Plaintiff's claims are barred, in whole or in part, based on the right to freedom of speech protected by the First Amendment of the United States Constitution.

**SEVENTH AFFIRMATIVE DEFENSE**

7.      Plaintiff's claims against Defendant are barred, in whole or in part, based on Plaintiff's failure to join necessary parties.

**EIGHTH AFFIRMATIVE DEFENSE**

8.      Plaintiff's claims against Defendant are barred, in whole or in part, under the doctrine of jus teri to the extent Plaintiff itself is an infringer of a third party with rights superior to Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

9.      Plaintiff's claims against Defendant are barred, in whole or in part, because Defendant is not jointly or severally liable or a joint tortfeasor with others.

**TENTH AFFIRMATIVE DEFENSE**

10.      Plaintiff's claims against Defendant are barred, in whole or in part, because Plaintiff seeks relief that is not legally cognizable or otherwise equitable as against Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.      Plaintiff's claims against Defendant are barred, in whole or in part, because Plaintiff does not have valid enforceable rights in its purported trademarks and/or Plaintiff's purported trademarks are not protectible as trademarks.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiff's claims against Defendant are barred, in whole or in part, because Plaintiff lacks standing required to assert some or all of its claims against Defendant under Article III of the United States Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, acquiescence, or some combination of these.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations or repose.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiff's claims are barred, in whole or in part, because Defendant is not liable for the conduct of any of its current or former employees or agents to the extent that any or all of those current or former employees or agents acted outside the scope of their authority.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's claims are barred, in whole or in part, because Defendant is not liable for the acts, omissions, wrongs, or negligence of any other defendant, entity, or individual.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiff has failed to mitigate its damages, if any, and recovery should be reduced or denied accordingly.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiff's claims are barred because the injuries alleged by Plaintiff, to the extent any exist, were caused, in whole or in part, by intervening causes or superseding causes, unrelated to the alleged conduct of Defendant, by the conduct of third parties for whom Defendant was not responsible, through forces in the marketplace over which Defendant has no control, or through acts or omissions by Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     The imposition of treble damages or other exemplary damages would be punitive and violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the Excessive Fines Clause of the United States Constitution.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiff's claims are barred, in whole or in part, because any recovery to Plaintiff would unjustly enrich Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Without admitting any violation of any law, Defendant asserts that, should Defendant be held liable to Plaintiff, which liability is specifically denied, Defendant would be entitled to a reduction of damages to the extent such damages are the responsibility of other defendants or third parties, or to the extent of any settlement amount received by Plaintiff from other Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Without admitting any violation of any law, Defendant asserts that, should Defendant be held liable to Plaintiff, which liability is specifically denied, Defendant would be entitled to set-off, contribution, or indemnity from other parties, entities, or individuals.

31

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Plaintiff's claims are barred because this Court does not have personal jurisdiction over Defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     Plaintiff's claims are barred because this Court is an improper venue for this action or there are circumstances that make the prosecution and defense of this action in this forum unfair, inequitable, and inappropriate.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Defendant incorporates by reference any defenses applicable to them that are asserted or to be asserted by any other Defendant to the First Amended Complaint as if fully set forth herein to the extent Defendant may share in such defense.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Defendant hereby reserves and asserts all affirmative and other defenses available under any applicable federal or state law. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have other, as yet unstated, affirmative defenses available. Therefore, Defendant reserve their right to assert additional defenses, counterclaims, crossclaims, and third-party claims in the event that discovery indicates that such additional defenses or claims would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for a judgment against Plaintiff as follows:

a.  That Plaintiff take nothing by its First Amended Complaint;

b.  That the First Amended Complaint be dismissed with prejudice and judgment entered for Defendant;

c.  That Defendant be awarded their costs of suit and attorney's fees, pursuant to the

Lanham Act; and

For such other and further relief as the Court may direct.

### DEFENDANT/COUNTERCLAIMANT VIRGINIC LLC'S COUNTERCLAIM AGAINST PLAINTIFF/COUNTER-DEFENDANT VIRGIN ENTERPRISES LIMITED

Defendant/Counterclaimant Virginic LLC ("**Virginic**"), a limited liability company organized under the laws of the State of Wyoming and doing business at 30 N. Gould St., Suite 6536, Sheridan, Wyoming 82801, believing that it is being damaged and will continue to be damaged by Registration No. 3,174,388 ("**VIRGIN Registration**") for the mark VIRGIN ("**VIRGIN Mark**"), which was issued on November 21, 2006 for goods in International Class 3, specifically, "Soaps; shampoos; non-medicated toilet preparations, namely, soaps, shampoos, lotions, and moisturizers; antiperspirants; deodorants for use on the person; cosmetics, namely, foundation creams and lotions; non-medicated preparations for the care of the skin, hands, scalp, and body, namely, moisturizers, lotions, creams, soaps, gels; hair care preparations, namely, shampoos; non-medicated skin cleansing preparations, namely, cleansers, lotions, creams, soaps; creams and lotions for the skin," owned by Virgin Enterprises Limited ("**Virgin**"), a Private Limited Company of the United Kingdom with an address of The Battleship Building, 179 Harrow Road, London W2 6NB, United Kingdom and, through its authorized attorneys, hereby counterclaims against Virgin for trademark infringement.

### INTRODUCTION

1.     Defendant/Counterclaimant Virginic LLC is a manufacturer and provider of organic, hand-made cosmetics, which it markets and sells in connection with the VIRGINIC Mark.

33

2.      Plaintiff/Counter-Defendant Virgin Enterprises Limited is the owner of U.S. Registration No. 3,174,388 for the mark VIRGIN, which was issued by the U.S. Patent and Trademark Office ("**USPTO**") on November 21, 2006 for use in connection with various goods in International Class 3, including cosmetics and skincare products.

3.      Despite thrice affirmatively representing to the USPTO that it has continuously used the VIRGIN Mark in U.S. commerce since October 31, 2004, it does not appear that VIRGIN has ever actually used the VIRGIN Mark in interstate commerce in connection with cosmetics or skincare products.

4.      Notably, none of the specimens that Virgin submitted to the USPTO in connection with the VIRGIN Mark feature the mark's use on or in connection with the sale of any of the goods claimed in the VIRGIN Registration.

5.      While Virgin's former licensee may have used a similar mark on cosmetics sold solely outside the United States, those goods were never sold in the United States.

6.      Accordingly, pursuant to 15 U.S.C. §§ 1119 and 1120, Virginic respectfully requests that the Court cancel the VIRGIN Registration on the grounds VIRGIN abandoned the VIRGIN Mark and that the VIRGIN Registration was fraudulently obtained.

## PARTIES

7.      Virginic is a limited liability company organized under the laws of the State of Wyoming and doing business at 30 N. Gould St., Suite 6536, Sheridan, Wyoming 82801.

8.      Virgin is a Private Limited Company of the United Kingdom with an address of The Battleship Building, 179 Harrow Road, London W2 6NB, United Kingdom.

34

**JURISDICTION AND VENUE**

9.      Under 28 U.S.C. §1338, federal courts have exclusive subject matter jurisdiction over trademark cases. This Court also has subject matter jurisdiction over Virginic's counterclaims pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1332. Moreover, by filing its Complaint against Virginic in this District and seeking the judicial relief of this Court, Virgin has waived any objection to personal jurisdiction of this Court, so venue is proper pursuant to 28 U.S.C. §1391(b)(3).

**BACKGROUND FACTS COMMON TO ALL COUNTS**

**A.  Virginic and Virginic's Standing**

10.      Virginic is a manufacturer and provider of organic, hand-made cosmetics, essential oils, and dentifrices that are produced in small batches, without chemical additives or preservatives. In this vein, Virginic caters to consumers who embrace an organic—particularly vegan—lifestyle, and those who seek out such products due to allergies and other restrictions.

11.      In December 2017, Virginic began using the mark VIRGINIC ("**VIRGINIC Mark**") for its products to suggest the virgin-like purity, simplicity, and cleanliness of its formulas and its commitment to its consumers.

12.      On February 14, 2018, Virginic filed U.S. Application Serial No. 87/797,552 ("**VIRGINIC Application**") for federal trademark registration of the VIRGINIC Mark for use on and in connection with the sale of cosmetics, essential oils, and dentifrices.

13.      The VIRGINIC Application was approved for publication without incident and published in the *Official Gazette* on July 3, 2018.

14.      On July 20, 2018, Virginic received a letter from Virgin's Counsel asserting

35

Virgin's rights in the VIRGIN Mark, including the VIRGIN Registration, and demanding that Virginic discontinue its use of the VIRGINIC Mark based on these alleged rights.

15.     On December 21, 2018, Virgin filed a Notice of Opposition to the registration of the VIRGINIC Application (Opposition No. 91245455 ("**Opposition**")) on the grounds of likelihood of confusion and dilution under Sections 2(d) and 43(c) of the Lanham Act, 15 U.S.C. §§1052(d), 1125(c), citing the VIRGIN Mark as one of marks on which the Opposition was based, all to the damage and continued damage of Virginic.

16.     The description of goods in the VIRGIN Registration includes "cosmetics, namely, foundation creams and lotions," which overlaps with the VIRGINIC Application's claim for use with "cosmetics."

17.     Virgin's demands and legal proceedings have interfered and continue to interfere with Virginic's use of and right to use its VIRGINIC Mark, causing harm to Virginic.

18.     In light of the above, Virginic has a real interest in seeking cancellation of the VIRGIN Registration and standing to bring this action.

**B. Virgin's Cosmetics Business**

19.     On information and belief, Virgin Enterprises Limited is a wholly owned subsidiary of Virgin Group Limited ("**Virgin Group**").

20.     On information and belief, Virgin is the owner and holding company for the Virgin Group's trademarks and service marks. In this role, Virgin licenses its marks to other subsidiaries of the Virgin Group and third-party licensees.

21.     On information and belief, in or around 1997, the Virgin Group launched the Virgin Cosmetics Company ("**Virgin Cosmetics**"). Between 1997 and 2009, Virgin

Cosmetics sold cosmetics in various regions outside of the United States using the marks VIRGIN VIE, VIRGIN COSMETICS, and VIRGIN VIE AT HOME. Virgin Cosmetics licensed these marks from Virgin.

22.     In 1997, Virgin applied to register the mark VIRGIN VIE ("**VIRGIN VIE Mark**") with the USPTO. The basis of Virgin's application was its foreign registration, pursuant to Section 44(d) to (e) of the Lanham Act, 15 U.S.C. §1126(d)–(e). As such, Virgin was not required to submit a specimen demonstrating its use of the VIRGIN VIE Mark until a Section 8 Affidavit would be due six years after registration. On March 2, 2004, the VIRGIN VIE Mark registered as U.S. Registration No. 2,818,572 ("**VIRGIN VIE Registration**") for goods in International Class 3.

23.     On information and belief, Virgin Cosmetics did not offer or sell any goods in the United States bearing the VIRGIN VIE mark or the VIRGIN Mark. As of 2004, Virgin Cosmetics' website, <www.virgincosmetics.com>, provided three options for purchasing its cosmetics and related goods: (1) at brick-and-mortar Virgin Vie stores located in the United Kingdom; (2) through "consultants," who worked only in the United Kingdom, Kuwait, South Africa, Qatar, and the United Arab Emirates, and (3) through the website <www.virginvieathome.com> for delivery within the United Kingdom only.

24.     On December 16, 1999, Virgin filed U.S. Application Serial No. 75/873,148 ("**Virgin's Application**") for the VIRGIN Mark on an intent-to-use basis under Section 1(b) of the Lanham Act, 15 U.S.C. §1051(b), for use in connection with multiple goods in International Class 3, including "cosmetics, namely, foundation creams and lotions."

25.     On August 18, 2006, Virgin filed a Statement of Use ("**2006 Declaration**"), asserting that it was and has been using the VIRGIN Mark in commerce since October

31, 2004. Virgin concurrently submitted specimens ("**2006 Specimens**") evidencing its claimed use of the mark. True and correct copies of the 2006 Declaration and 2006 Specimens from the USPTO's Trademark Status and Document Retrieval ("**TSDR**") electronic database are attached hereto as **Exhibit A**.

26.    The USPTO subsequently registered the VIRGIN Registration for use on or in connection with the sale of the following goods in International Class 3:

> Soaps; shampoos; non-medicated toilet preparations, namely, soaps, shampoos, lotions, and moisturizers; antiperspirants; deodorants for use on the person; cosmetics, namely, foundation creams and lotions; non-medicated preparations for the care of the skin, hands, scalp, and body, namely, moisturizers, lotions, creams, soaps, gels; hair care preparations, namely, shampoos; non-medicated skin cleansing preparations, namely, cleansers, lotions, creams, soaps; creams and lotions for the skin

(collectively, "**Cosmetics and Skincare Products**").

27.    The product featured in the 2006 Specimens, however, does not bear the VIRGIN Mark, but the unitary VIRGIN VIE Mark. As discussed above, neither Virgin nor Virgin Cosmetics offered or sold Cosmetics and Skincare Products in the United States using the VIRGIN VIE mark. Rather, according to Virgin Cosmetics' website as of 2006, the options for purchasing cosmetics and related goods from Virgin Cosmetics were limited to physical stores in the United Kingdom, online purchases to customers located in the United Kingdom, and through consultants, who were now located only in the United

Kingdom and South Africa. Thus, on information and belief, the product featured in the 2006 Specimens were never offered or sold in U.S. commerce.

28.     Although the term "virgin" appears on the back of the product featured in the 2006 Specimens, the term fails to function as a trademark due to its inconspicuous placement and proximity to the address of Virgin Cosmetics. Thus, at most, the term functions as an unregistrable trade name.

29.     On information and belief, in 2009, Virgin Cosmetics was purchased by a third party, which renamed it to "VIE At Home" and sold cosmetics under the mark VIE AT HOME until its liquidation in 2011. Virgin retained ownership of the VIRGIN VIE Registration, but on information and belief, ceased using that mark in connection with Cosmetics and Skincare Products after 2009.

30.     On or around June 4, 2009, Virgin announced its intent not to resume its use of any mark containing the term "VIRGIN" in connection with the sale of cosmetics, skincare, and beauty products by announcing that it was "moving away from [its] glamorous adventures in this particular retail sector."

31.     Thereafter, Virgin failed to file an acceptable Section 8 Declaration and the VIRGIN VIE Registration was cancelled on October 8, 2010.

32.     Despite the foregoing, on August 8, 2012, Virgin filed a Combined Declaration of Use and Incontestability under Sections 8 and 15 ("**2012 Declaration**") for the VIRGIN Registration, along with a specimen of use ("**2012 Specimen**"). In the 2012 Declaration, Virgin declared that it was currently using the VIRGIN Mark for Cosmetics and Skincare Products, and that it had done so continuously for five consecutive years since registration. True and correct copies from the TSDR of the 2012 Declaration and

2012 Specimen are attached hereto as **Exhibit B**.

33.     However, the VIRGIN Mark does not appear in the 2012 Specimen on any Cosmetics and Skincare Products. Rather, the 2012 Specimen shows the use of unitary mark VIRGIN AMERICA for online retail services. The only Cosmetics and Skincare Products featured in the 2012 Specimen bear a third party's registered trademark, YES TO CARROTS.

34.     Thus, on information and belief, as of 2012, Virgin was still not offering or selling Cosmetics and Skincare Products in the United States using the VIRGIN Mark.

35.     On October 28, 2016, Virgin filed a Combined Declaration of Use and Application for Renewal of Registration of the VIRGIN Mark under Sections 8 and 9 ("**2016 Declaration**"), along with a specimen of use ("**2016 Specimen**"). In the 2016 Declaration, Virgin asserted that it had continued using the VIRGIN Mark for Cosmetics and Skincare Products. True and correct printouts from the TSDR of the 2016 Declaration and 2016 Specimen are attached hereto as **Exhibit C**.

36.     However, the VIRGIN Mark does not appear in the 2016 Specimen on any Cosmetics and Skincare Products. Rather, the 2016 Specimen shows the use of the unitary mark VIRGIN HOTELS for online retail services. The only Cosmetics and Skincare Products featured in the 2012 Specimen bear a third party's trademark, RED FLOWER.

37.     Thus, on information and belief, as of 2016, Virgin was still not offering or selling Cosmetics and Skincare Products in the United States using the VIRGIN Mark.

38.     As of the filing of this Counterclaim, Virgin's websites (and those of its known licensees) do not reflect any use of the VIRGIN Mark on Cosmetics and Skincare Products in U.S. commerce. Indeed, the Virgin Group's website <www.virgin.com>

identifies only two subsidiaries that operate in the United States in the Group's "Health & Wellness" category (the closest category to Cosmetics and Skincare Products): Virgin Pulse, Inc. and Virgin Sport USA, LLC, neither of which sells Cosmetics and Skincare Products.

39.     Moreover, Virgin's other trademark registrations and applications only further support the conclusion that Virgin has never sold Cosmetics and Skincare Products under any VIRGIN or VIRGIN-formative mark in the United States. True and correct printouts from the TSDR showing the details of U.S. Registration Nos. 2,698,986 and 3,707,308, and Serial Nos. 73/811,876; 73/811,887; 75/979,112; and 75/983,577 are attached hereto as **Exhibit D**. For each of these registrations and applications, Virgin failed to provide specimens to evidence the use of the marks on or in connection with the sale of International Class 3 goods claimed therein. Consequently, each registration and application was subsequently cancelled or abandoned.

## COUNT I: ABANDONMENT/NON-USE UNDER SECTION 14(3) OF THE LANHAM ACT, 15 U.S.C. §1064(3)

40.     Virginic repeats and realleges the allegations of Paragraphs 1 through 39 above as though fully set forth herein.

41.     Pursuant to Section 14(3) of the Lanham Act, 15 U.S.C. §1064(3), Virginic seeks to cancel the VIRGIN Registration on the ground that Virgin has abandoned any trademark rights it may have had in the VIRGIN Mark.

42.      First, Virgin (or its licensees) did not use the VIRGIN Mark in connection with any Cosmetics and Skincare Products on or before June 16, 2008—the last permissible date to file a Statement of Use. As such, the VIRGIN Registration is void *ab initio*.

43.     Second, neither Virgin nor its licensees have used the VIRGIN Mark on or in connection with the interstate sale of Cosmetics and Skincare Products for at least the last three years. Such continued non-use constitutes prima facie evidence of abandonment with intent not to resume any use, as set forth in Section 45 of the Lanham Act, 15 U.S.C. §1127.

44.     Furthermore, in June 2009, Virgin asserted its intent not to resume its use of the VIRGIN Mark in connection with the sale of Cosmetics and Skincare Products in U.S. commerce.

45.     Accordingly, Virgin abandoned the VIRGIN Mark with respect to Cosmetics and Skincare Products, and the VIRGIN Registration is subject to cancellation pursuant to Section 14(3) of the Lanham Act, 15 U.S.C. §1064(3).

**COUNT II: FRAUD ON THE USPTO UNDER SECTION 14(3) OF THE LANHAM ACT, 15 U.S.C. §1064(3)**

46.     Virginic repeats and realleges the allegations of Paragraphs 1 through 45 above as though fully set forth herein.

47.     Pursuant to Section 14(3) of the Lanham Act, 15 U.S.C. §1064(3), Virginic seeks to cancel the VIRGIN Registration on the ground that Virgin obtained the VIRGIN Registration through fraudulent misrepresentations to the USPTO.

48.     On August 18, 2006, Virgin submitted the 2006 Declaration to the USPTO, representing that Virgin was using the VIRGIN Mark on or in connection with the interstate sale of Cosmetics and Skincare Products and that it had begun doing so as early as October 31, 2004 ("**First Representation**").

49.     The First Representation was false at the time it was made because, on information and belief as described above, Virgin did not use the VIRGIN Mark in

commerce on or in connection with the sale of any Cosmetics and Skincare Products. Nor did Virgin even use the VIRGIN VIE Mark or any other VIRGIN or VIRGIN-formative mark for the sale of Cosmetics and Skincare Products in U.S. commerce.

50.    The First Representation continued to be false as of June 16, 2008, the last permissible date to file a Statement of Use.

51.    On information and belief, Virgin knew the First Representation was false at the time it was made. First, as shown by the 2006 Specimen itself, Virgin was unable to demonstrate its use of the VIRGIN Mark in U.S. commerce. Second, no Cosmetics and Skincare Products sold by Virgin Cosmetics bearing the VIRGIN VIE Mark or any other VIRGIN or VIRGIN-formative marks were sold in the United States. Third, through its proximity to and legal relationship with Virgin Cosmetics as its trademark licensor, Virgin was aware of the scope of Virgin Cosmetic's retail activities. As such, Virgin knew that the product featured in the 2006 Specimen was not sold in the United States.

52.    The only reasonable inference from the foregoing is that Virgin made the First Representation to mislead the USPTO and to cause the USPTO to issue the VIRGIN Registration. Evidence obtained through discovery in this proceeding will likely further support this conclusion.

53.    The false First Representation was material because, but for the false First Representation, the USPTO would not have granted Virgin's Application for the VIRGIN Registration. However, in reliance on the false First Representation, the USPTO issued the VIRGIN Registration on November 21, 2006.

54.    On August 8, 2012, Virgin submitted the 2012 Declaration to the USPTO, representing that Virgin was using the VIRGIN Mark on or in connection with the interstate

sale of Cosmetics and Skincare Products ("**Second Representation**").

55.     The Second Representation was false at the time it was made because, on information and belief as described above, Virgin did not use the VIRGIN Mark on or in connection with the interstate sale of any Cosmetics and Skincare Products.

56.     On information and belief, Virgin knew the Second Representation was false at the time it was made. First, as shown by the 2012 Specimen itself, Virgin was unable to demonstrate its use of the VIRGIN Mark on any Cosmetics and Skincare Products. Rather, the Cosmetics and Skincare Products featured in the specimen bear a third party's trademark, YES TO CARROTS. Second, Virgin is not an unsophisticated actor: Virgin routinely boasts the size of its trademark portfolio and the 2012 Declaration was submitted by Virgin's Counsel. Thus, Virgin had the knowledge that a proper specimen needed to show the VIRGIN Mark being used on or in connection with the interstate sale of Cosmetics and Skincare Products, in a manner that the mark would identify Virgin as the source of the Cosmetics and Skincare Products. Third, as Virgin is the Virgin Group subsidiary that owns and licenses the Virgin Group's VIRGIN and VIRGIN-formative Marks, Virgin was undoubtedly aware of how each trademark was used by each licensee. Thus, Virgin had knowledge that the VIRGIN Mark had not been used in U.S. commerce on or in connection with the sale of any Cosmetics and Skincare Products. Moreover, Virgin had knowledge that after the sale of Virgin Cosmetics in 2009, no Virgin entity or licensee sold Cosmetics and Skincare Products under the VIRGIN Mark or any VIRGIN-formative mark. In addition to these overt signs, evidence obtained through discovery in this proceeding will likely further show that Virgin willfully made the false Second Representation to the USPTO.

57.     The only reasonable inference from the foregoing is that Virgin made the Second Representation to mislead the USPTO and to cause the USPTO to maintain and make incontestable the VIRGIN Registration. The nature of the 2012 Specimen supports this conclusion. As Virgin sold Virgin Cosmetics and ceded its rights in the marks containing the term "VIE," Virgin knew it could no longer publicly file a specimen bearing such mark. Instead, it surreptitiously attempted to mislead the USPTO by submitting a specimen that displays some Cosmetics and Skincare Products (albeit that clearly identify a third party as their source and bear that third party's marks), but that also prominently displays its unitary VIRGIN AMERICA Marks, despite those marks not being relevant to the filing and not being registered for use on or in connection with Cosmetics and Skincare Products.

58.     The false Second Representation was material because, but for the false Second Representation, the USPTO would not have accepted the 2012 Declaration required to maintain the VIRGIN Registration or have granted incontestable status for the VIRGIN Registration. However, in reliance on the false Second Representation, the USPTO permitted the VIRGIN Registration to continue and obtain incontestable status on August 28, 2012.

59.     On October 28, 2016, Virgin submitted the 2016 Declaration to the USPTO, representing that Virgin was using the VIRGIN Mark on or in connection with the interstate sale of Cosmetics and Skincare Products ("**Third Representation**").

60.     The Third Representation was false at the time it was made because Virgin did not use the VIRGIN Mark on or in connection with the interstate sale of any Cosmetics and Skincare Products.

45

61.     On information and belief, Virgin knew the Third Representation was false at the time it was made. First, as shown by the 2016 Specimen itself, Virgin was unable to demonstrate its use of the VIRGIN Mark on any Cosmetics and Skincare Products. Rather, the Cosmetics and Skincare Products featured in the specimen bear a third party's trademark, RED FLOWER. Second, Virgin is not an unsophisticated actor: Virgin routinely boasts the size of its trademark portfolio and the 2012 Declaration was submitted by Virgin's Counsel. Thus, Virgin had the knowledge that a proper specimen needed to show the VIRGIN Mark being used on or in connection with the interstate sale of Cosmetics and Skincare Products, in a manner that the mark would identify Virgin as the source of the Cosmetics and Skincare Products. Third, as Virgin is the Virgin Group subsidiary that owns and licenses the Virgin Group's VIRGIN and VIRGIN-formative Marks, Virgin was undoubtedly aware of how each trademark was used by each licensee. Thus, Virgin had knowledge that the VIRGIN Mark had not been used in U.S. commerce on or in connection with the sale of any Cosmetics and Skincare Products. Moreover, Virgin had knowledge that after the sale of Virgin Cosmetics in 2009, no Virgin entity or licensee sold Cosmetics and Skincare Products under the VIRGIN Mark or any VIRGIN-formative mark. In addition to these overt signs, evidence obtained through discovery in this proceeding will likely further show that Virgin willfully made the false Third Representation to the USPTO.

62.     The only reasonable inference from the foregoing is that Virgin made the Third Representation to mislead the USPTO and to cause the USPTO to renew the VIRGIN Registration. The nature of the 2016 Specimen supports this conclusion. As Virgin sold Virgin Cosmetics and ceded its rights in the marks containing the term "VIE,"

46

Virgin knew it could no longer publicly file a specimen bearing such mark. Instead, it surreptitiously attempted to mislead the USPTO by submitting a specimen that displays some Cosmetics and Skincare Products (albeit that clearly identify a third party as their source and bear that third party's marks), but that also prominently displays the unitary VIRGIN HOTELS Marks, despite those marks not being relevant to the filing and not being registered for use on or in connection with Cosmetics and Skincare Products.

63.     The false Third Representation was material because, but for the false Third Representation, the USPTO would not have renewed the VIRGIN Registration. However, in reliance on the false Third Representation, the USPTO renewed the VIRGIN Registration on January 13, 2017.

64.     Virginic has been and will continue to be harmed by the issuance of the VIRGIN Registration because it is preventing Virginic from obtaining a registration for its VIRGINIC Mark and Virgin is relying on the VIRGIN Registration to assert its alleged rights against Virginic.

65.     Based on the foregoing, Virgin obtained the VIRGIN Registration fraudulently, which is grounds for cancellation of the VIRGIN Registration in its entirety pursuant to Section 14(3) of the Lanham Act, 15 U.S.C. §1064(3).

## PRAYER FOR RELIEF

**Wherefore**, Defendant/Counterclaimant prays for the following judgment:

A. Adjudging and declaring that Virgin abandoned its VIRGIN Mark with respect to Class 3 Goods identified in U.S. Trademark Registration No. 3,174,388, as Virgin failed to use the mark on or in connection with the sale of any the Class 3 Goods described in the registration;

B. Adjudging and declaring that U.S. Trademark Registration No. 3,174,388 is cancelled due to non-use and/or abandonment of the mark on or in connection with the sale of Class 3 Goods described in the registration;

C. Adjudging and declaring that U.S. Trademark Registration No. 3,174,388 was procured by fraud, and ordering cancellation thereof;

D. Awarding Virginic its costs, including attorneys' fees; and

E. Awarding Virginic such other relief as the Court deems just and proper.

Respectfully submitted this 16th day of January, 2020.

Attorney for Defendant Virginic LLC

Clyde Hutchins, Bar No. 6-3549
Harmony Law, LLC
155 E. Boardwalk Drive, Suite 400
Fort Collins, CO 80525
Telephone: 970-488-1857
hutchins@harmony.law
Attorney for Defendant Virginic LLC

# CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

<u>Attorneys for Plaintiff</u>

Christian S Morgan
Joseph V Norvell
Thomas M Monagan, III
NORVELL IP LLC
333 South Wabash Avenue, Suite 2700
Chicago, IL 60604

Timothy Lance Woznick
CROWLEY FLECK PLLP
237 Storey Blvd, Suite 100
Cheyenne, WY 82001-3799

s/ *Clyde Hutchins*
Clyde Hutchins