IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

FILED
U.S. Magistrate Judge
12:52 pm, 11/9/20

| | |
|---|---|
| VIRGIN ENTERPRISES LIMITED,<br><br>Plaintiff,<br><br>vs.<br><br>VIRGINIC LLC, VIRGINIC LABS LLC, VIRGINIC PL SP. Z O O., PARAMOUNT LABS 77 LLC, AND BERENIKA MACIEJEWICZ<br><br>Defendants. | Case No. 2:19-CV-220-NDF |

**ORDER GRANTING MOTION TO WITHDRAW [Doc. 74]**

This matter is before the Court on counsel for Defendants *Motion to Withdraw* as counsel. (ECF No. 74). Plaintiffs raise concerns that withdrawal is inappropriate and premature because of noncompliance with the Consent Judgment. (ECF No. 75). The Court finds that because Defendants discharged counsel in this matter, the Motion should be granted.

### BACKGROUND

On August 26, 2020 the Honorable Nancy D. Freudenthal Ordered a *Consent Judgment* in this case. (ECF No. 72). All parties agreed and consented to its terms. On September 25, 2020 counsel for Defendants, Clyde Hutchins and Melissa Theriault of Harmony Law, LLC, filed a *Motion to Withdraw* as counsel of record. (ECF No. 74). In their Motion, counsel specified that all actions in the matter were completed following the consent judgment, that Defendants terminated the representation of Harmony Law, LLC, and counsel gave actual notice to the clients prior to filing the Motion to Withdraw. A "Consent to Withdrawal of

Counsel" for all three defendants was also attached to the Motion. (ECF No. 74 at attachs. 1–3). The consent forms recognized Defendants terminated the services of Harmony Law, LLC and its attorneys, Clyde Hutchins and Melissa Theriault.

In Response, Plaintiff argues that the *Motion to Withdraw* should be denied because counsel for Defendants failed to confer and gain consent prior to filing their motion. (ECF No. 75). Additionally, Plaintiff argues withdrawal is premature and inappropriate because it is unclear whether Defendants are complying with the Consent Judgment and Settlement Agreement.

## RELEVANT LAW

*Motion to Withdraw*

Local Rule 84.3 provides in part,

> b) Withdrawal of Appearance.
> An attorney who has filed a notice of appearance in any case may, with Court permission, withdraw for good cause. An attorney seeking withdrawal shall be relieved of duties to the Court, the client and opposing counsel, only upon completion of the following:
> (1) filing of a motion seeking leave to withdraw, specifying the reasons therefor, unless to do so would violate the Code of Professional Responsibility, and whether opposing counsel objects, and service of a notice of withdrawal on his client and other counsel. Notice to the attorney's client must contain the admonition that the client is personally responsible for complying with all deadlines and orders of this Court and time limitations of the Local Rules and Federal Rules of Civil Procedure; and
> (2) the filing of a notice of withdrawal, proof of service to the client and the written consent of the client to the withdrawal; or the filing of an entry of appearance on behalf of the client by a substitute attorney and a representation that the client consents. If the client has not consented to withdrawal, the motion shall be set for hearing before the Court.
> Upon completion of these requirements the Court may enter an order authorizing withdrawal. Until such order is

> entered, counsel shall have continuing duties of representation to the Court, client and opposing counsel.

*Wyoming Rules of Professional Conduct for Attorneys at Law*

Rule 1.16 of the Wyoming Rules of Professional Conduct for Attorneys at Law provides in part, "a lawyer shall not represent a client, or where representation has commenced, shall withdraw from the representation if: … (3) the lawyer is discharged."

### DISCUSSION

Under Local Rule 84.3, counsel for Defendants was not required to obtain consent from opposing counsel prior to filing their Motion to Withdraw. However, counsel was required to state whether opposing counsel objected. It appears counsel for Defendants attempted to communicate with Plaintiff but did not wait for a response before filing the Motion to Withdraw. Consequently, counsel for Defendants did not state whether Plaintiff objected. While counsel's conduct violated the Local Rules, Plaintiff was still able to timely object, and the Court has considered those objections. The Court will now decide the issue on the merits rather than this procedural failing.

The Court grants the Motion to Withdraw because Defendants have discharged Harmony Law, LLC and its attorneys. "A client has a right to discharge a lawyer at any time, with or without cause, subject to liability for payment for the lawyer's services." MODEL RULES OF PROFESSIONAL CONDUCT 1.16 (Comment 4). Under the Wyoming Rules of Professional Conduct, counsel shall not represent a client after they are discharged. Here, counsel for Defendants properly filed a motion seeking leave to withdraw after being discharged by Defendants. While Plaintiff may have valid concerns about the Defendants' compliance with the Consent Judgment, Plaintiff can handle post judgment issues directly with the defendants

or their new counsel. Further, Harmony LLC and its attorneys are no longer authorized to engage with Plaintiff on behalf of the defendants.

Local Rule 84.3 also states that "[n]otice to the attorney's client must contain the admonition that the client is personally responsible for complying with all deadlines and orders of this Court and time limitations of the Local Rules and Federal Rules of Civil Procedure." To ensure that Plaintiff will be able to resolve their concerns with Defendants directly, the Court Orders counsel to advise Defendants they will remain personally responsible for complying with the Court's August 26, 2020 Consent Judgment, and must obtain new counsel for any further dealings with the Court as corporations must be represented by licensed counsel. *See e.g.*, *United States v. Lain*, 733 Fed. Appx. 476, 477 (2019) (citing *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202, 113 S. Ct. 716, 121 L. Ed. 656 (1993) (noting the longstanding rule that corporations must be represented by licensed counsel)).

## CONCLUSION

This Court may enter an order authorizing withdrawal of counsel upon a showing of good cause. *See* Local Rule 84.3. The Court finds counsel has shown good cause for the request to withdraw. Therefore, Defendant's *Motion to Withdraw* as counsel (ECF No. 74) is GRANTED.

IT IS HEREBY ORDERED that the withdrawal of Clyde Hutchins, Melissa Theriault, and Harmony Law, LLC, as attorneys of record for Defendants Virginic LLC, Virginic Labs LLC, and Paramount Labs 77 LLC is hereby approved.

IT IS FURTHER ORDERED that attorneys of record for Defendants will first advise Defendants they remain personally responsible for complying with the Court's *Consent Judgment* (ECF. No. 72) and must obtain new counsel for any further dealings with the Court.

Dated this 9th day of November, 2020.

_____
Kelly H. Rankin
United States Magistrate Judge